UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILSON DAVID CASTILLO MONTERO,

               Petitioner,

v.

UNKNOWN PARTY #1 et al.,

               Respondent.

_____/

Case No. 1:26-cv-1739

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to provide him with a bond hearing that complies with due process requirements or immediately release Petitioner. (Pet., ECF No. 1, PageID.3.)[1]

---

[1] With his petition, Petitioner also filed an emergency motion to prevent transfer and motion to expedite review of petition for writ of habeas corpus. (ECF No. 3.) Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, Petitioner's pending motion is moot.

In an Order entered on June 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response on June 10, 2026, (ECF No. 8), and a recording of the April 9, 2026, bond hearing on June 10, 2026. (Recording of Apr. 10, 2026, Bond Hearing, filed on June 10, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Colombia. (Pet., ECF No. 1-1, PageID.7.) Petitioner entered the United States in 2024. Op., *Castillo Montero v. Raycraft* (*Castillo Montero I*), No. 1:26-cv-711 (W.D. Mich. Apr. 6, 2026) (ECF No. 7). On February 23, 2026, Petitioner was arrested by ICE agents. *Id.*

On March 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Castillo Montero I*. In *Castillo Montero I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Castillo Montero I*, (W.D. Mich. Apr. 6, 2026), (ECF Nos. 7, 8.).

On April 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Order Immigration Judge, *Castillo Montero I*, (W.D. Mich. Apr. 14, 2026), (ECF No. 9-1). During the bond hearing, the immigration judge stated: "Counsel for [Petitioner], because it is your burden, I will give you the last word." (Recording of Apr. 9, 2026, Bond Hearing, at 11:29–11:50.) The immigration judge then denied Petitioner's request for bond in a written order, stating:

Denied because[:]

> [Petitioner] is a flight risk who missed his release appointment and moved without notifying the officer.

(*Id.*)

### III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred

outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## **Conclusion**

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:        June 26, 2026                          /s/ Jane M. Beckering
                                                     Jane M. Beckering
                                                     United States District Judge

4